IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| FRANK DILLARD, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CIV-15-1249-M |
| v. | ) | |
| BILL WELCH, et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On November 10, 2015, Plaintiff, a state prisoner appearing *pro se*, filed this action seeking relief under 42 U.S.C. § 1983. Along with the Complaint, Plaintiff filed a "Motion to Cease and Disist [sic]" (Doc. # 2). Plaintiff has not sought or been granted *in forma pauperis* status in this case. Nor has Plaintiff paid the required $400.00 filing fee. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In his Complaint, Plaintiff names three Defendants, Latimer County, Oklahoma; Latimer County District Judge Bill Welch; and C. Henry, a prosecutor in Latimer County. Plaintiff states that he is in custody at the Clara Waters Community Correctional Center ("CWCCC") located in Oklahoma City, Oklahoma. None of the allegations in the Complaint concern the conditions of his confinement at CWCCC. Instead, all of the allegations in the

1

Complaint are directed toward the validity of one or more suspended sentences[1] entered against Plaintiff in the District Court of Latimer County, Oklahoma, and the order of the District Court of Latimer County revoking his suspended sentence(s).[2] Plaintiff challenges the revocation order on double jeopardy and due process grounds. Plaintiff seeks monetary damages of either "1,000 dollars per day, for each day served on this invalid sentence" or "8.5 Billion Dollars." Complaint, at 6; att. 1, at 3.

Nothing in the Complaint or attached documents suggests that venue lies in this judicial district. Nor has Plaintiff alleged or shown that any of the Defendants reside within this judicial district. Under these circumstances, if it is in the interest of justice, the action may be transferred to the United States District Court for the Eastern District of Oklahoma. See Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006)("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").

However, the Court may also dismiss the action, unless the interests of justice favor

---

[1] Although Plaintiff refers to "two illegal sentences" entered in the District Court of Latimer County, Oklahoma, he has referenced in the Complaint only one criminal case, Case No. CF-01-0153.

[2] Plaintiff has attached to the Complaint a copy of the Order to Revoke Suspended Sentence entered by District Judge Welch on December 4, 2014, in State v. Dillard, Case No. CF-2001-153, District Court of Latimer County, Oklahoma. The Order indicates that an Application to Revoke Suspended Sentence was filed on April 7, 2003, and that on January 9, 2009, Plaintiff stipulated to the allegations in the State's Application to Revoke Suspended Sentence. The Order revokes Plaintiff's suspended sentences based on the finding that Plaintiff "has not paid his fines and court costs as ordered." District Judge Welch's Order states that Plaintiff was sentenced to two 5-year terms of imprisonment, to run concurrently, in the custody of the Oklahoma Department of Corrections.

a transfer of the action to the proper court. Id. at 1222-23. In this case, the interests of justice would not be furthered by a transfer of the action because Plaintiff's action is premature and, if it were not premature, Plaintiff has not stated a viable claim for relief under § 1983 as to the Defendants.

In Heck v. Humphrey, 512 U.S. 477, 481 (1994), the Supreme Court affirmed that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Because of this exclusive habeas remedy, the Court held that damages may not be recovered in a 42 U.S.C. § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. In the absence of such proof, a § 1983 action has not yet accrued, and the § 1983 action must be dismissed without prejudice as "premature under *Heck*." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 556 (10th Cir. 1999).

All of Plaintiff's claims asserted in his Complaint would, if successful, render his conviction(s) and sentence(s) in Case No. F-2001-153 invalid. Plaintiff has not shown that his conviction(s) and sentence(s) in Case No. F-2001-153 have been reversed, expunged, or otherwise declared invalid by an appropriate court or executive action. Thus, Plaintiff's

claims must be dismissed under the doctrine established in Heck.³

Additionally, even if his claims were not barred by Heck, both Defendant Welch and Defendant Henry would enjoy immunity from Plaintiff's § 1983 cause of action. See Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 734-35 (1980)(holding judges enjoy absolute immunity from damages liability for acts performed in their judicial capacities); Imbler v. Pachtman, 424 U.S. 409, 431 (1967)(holding state prosecutors enjoy prosecutorial immunity from § 1983 actions predicated on their performance of functions "in initiating a prosecution and in presenting the State's case"). And Plaintiff has made no allegations that would state a viable cause of action under 42 U.S.C. § 1983 against Latimer County. See Becker v. Bateman, 709 F.3d 1019, 1025 (10th Cir. 2013)holding local governmental entity cannot be liable under § 1983 unless a plaintiff proves "that a municipal employee committed a constitutional violation" and "a municipal policy or custom was the moving force behind the constitutional deprivation").

Therefore, the action should be dismissed without prejudice for lack of venue as the interests of justice do not support a transfer of the action to the appropriate court.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be

---

³The public records of the United States District Court for the Eastern District of Oklahoma show that Plaintiff has been given three "strikes" under 28 U.S.C. § 1915 because he has persistently brought actions under 42 U.S.C. § 1983 against the same Defendants based on the same frivolous claims. See Dillard v. Welch, et al., Case No. CIV-14-204-RAW-SPS (E.D.Okla. 2014)(Opinion and Order); Dillard v. Welch, et al., Case No. CIV-14-226-JHP-SPS (E.D.Okla. 2014)(Opinion and Order); and Dillard v. Latimer County, Oklahoma, et al., Case No. CIV-14-309-JHP-SPS (Opinion and Order).

DISMISSED without prejudice for lack of venue. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by December 8th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 18th day of November, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE